UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>    Plaintiff,<br><br>  v.<br><br>JASON ROZZI *et al.*,<br><br>    Defendants. | CAUSE NO. 3:20-CV-118 DRL-MGG |

OPINION & ORDER

In February 2018, Officer Jason Rozzi detained Eberaia Fields during a traffic stop. Mr. Fields claims that Officer Rozzi used excessive force by "slamming" him to the ground and kneeing him in the back. Once in detention, he says law enforcement used excessive force by applying a TASER device and kneeing him while handcuffed and naked. He says they also defamed him by referring to him as a child molester. Defendants Cass County Sheriff Ed Schroder, Officer Bryce Hall, Assistant Police Chief Daniel Frye, and Logansport Mayor Chris Martin (incorrectly sued as Steve Martin) have moved to dismiss for failure to state a claim. The court grants the motion to dismiss, with leave to amend the complaint as to Officers Hall and Frye only.

BACKGROUND

The court construes Mr. Fields' *pro se* pleading liberally[1] and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Mr. Fields elaborated on his pleading in his responses to the motions to dismiss, which the court also considers here. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

---

[1] Mr. Fields erroneously interprets this phrase as political bias (*see* ECF 30 at 4). For Mr. Fields' clarification, this "liberal interpretation" standard means that a court construes his claims broadly and giving him all fair inferences, not that his claims are read through a political lens.

In February 2018, Mr. Fields was driving near an apartment complex in Logansport, Indiana, when Officer Rozzi stopped him. Mr. Fields asked about why he was pulled over, but Officer Rozzi didn't explain except for saying he could "smell it." Mr. Fields alleges that Officer Rozzi aggressively opened Mr. Fields' car door and ordered him out of the vehicle and searched his pockets, and then "slammed" him to the ground and kneed him in the back. There were two police cars at the site of the altercation, but the complaint doesn't specify whether another officer was present or, if an officer was present, who the officer was.

Mr. Fields was taken to Cass County Jail where he encountered five unidentified officers. These officers handcuffed him, forced him to sit naked in a padded cell, and proceeded to taunt him. One officer said, "shut up child molester." Mr. Fields says Officers Rozzi, Hall, and Frye all accused Mr. Fields of "looking for little boys."

Officers Rozzi, Hall, and Frye then entered the cell and told Mr. Fields that he was being transported to the hospital for a blood sample. The officers, including Officer Rozzi but unclear as to Officers Hall and Frye, kneeled on Mr. Fields' neck and back to pin him to the ground while an officer used a TASER device on him several times, though the pleadings don't specify whether Officers Hall and Frye also participated. Some of the officers then kneed Mr. Fields while he was naked and after he had been handcuffed, though again it is unclear whether any named defendants participated in this conduct.

Mr. Fields filed a *pro se* complaint on February 6, 2020. Officers Hall and Frye and Mayor Martin filed a motion to dismiss (ECF 25), and Sheriff Schroder subsequently filed another motion to dismiss (ECF 28), which are now ripe for disposition.

## STANDARD

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th

Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and more than just speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### A. *Sheriff Schroder and Mayor Martin.*

Mr. Fields sues Sheriff Schroder because the altercation at the jail occurred under the sheriff's "watch," but this doesn't establish liability. There is no *respondeat superior* liability for constitutional torts under 42 U.S.C. § 1983. *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). Mr. Fields doesn't allege that Sheriff Schroder personally participated in the use of force against him, nor does he plead facts supporting a claim that the incident resulted from unconstitutional policies and customs of the sheriff or an act by a final policymaker. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011).

Mr. Fields also sues Sheriff Schroder and Mayor Martin for the purpose of producing discovery, but this isn't a claim for relief.[2] *See Iqbal*, 556 U.S. at 684-85; *Twombly*, 550 U.S. at 555-56; *see also Amboy Bancorporation v. Jenkens & Gilchrist*, 2007 U.S. Dist. LEXIS 68831 (Sept. 14, 2007 D.N.J.)

---

[2] In a prior case, a court in this district previously allowed Mr. Fields to name a senior prison official as a defendant "for the sole purpose of identifying a lower ranking prison or jail official whose name the inmate plaintiff does not know." *Fields v. Roswarski*, 469 F. Supp.2d 599, 608 (7th Cir. 2007) (Sharp, J.). That case relied on two Seventh Circuit cases prior to the *Iqbal/Twombly* cases. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). Those cases, relying on the pre-*Iqbal* standard, held that claims against some defendants could remain because those complaints allowed for the *possibility* that the defendants would ultimately be liable. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Twombly*, 550 U.S. at 555. Here, applying the *Iqbal* standard, Mr. Fields alleges no facts that plausibly raise liability for either Sheriff Schroder or Mayor Martin, even when read liberally.

(imposing sanctions on attorney who sued defendants "for discovery and trial purposes only"). Because Mr. Fields' complaint states no plausible claims as to Sheriff Schroder or Mayor Martin, the court grants their motion to dismiss.

  B.  *Officer Hall and Officer Frye.*

    1.  *Failure to Intervene and Excessive Force.*

The pleadings are obscure whether Officers Hall and Frye were at the scene of the traffic stop when Officer Rozzi allegedly used excessive force (ECF 1 at 2-3), so it isn't clear whether Mr. Fields asserts a failure to intervene claim as to that incident.[3] His pleadings do say Officers Hall and Frye were present at the scene of the jail altercation (ECF 30 at 2-3), but it is uncertain whether he is asserting a failure to intervene claim or an excessive force claim as to either defendant regarding that incident.[4] Officers Hall and Frye only moved to dismiss a failure to intervene claim.

The ambiguities in the complaint justify dismissal of these claims, but the court grants Mr. Fields leave to amend the complaint regarding these claims. *See Williams v. Wahner*, 731 F.3d 731, 734 (7th Cir. 2013) ("When the complaint is unclear rather than patently without merit, an alternative . . . is to dismiss the complaint with leave to amend, though in doing so the judge should explain, for the guidance of the *pro se* [plaintiff], what exactly needs to be clarified."); *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal

---

[3] Mr. Fields says that "Jason Rozzi was committing a [sic] offense and others sit back and watched Jason Rozzi committ [sic] these offenses" (ECF 30 at 1). The context suggests Mr. Fields is referring to the traffic stop altercation here, because he refers to the jail altercation as one in which Mr. Rozzi along with many other defendants committed "unnecessary force" (*see* ECF 30 at 2-3). But these statements are ambiguous on which incident.

[4] Mr. Fields says Officer Hall was caught on video "as to the cruel and unusual punishment committed by the Defendants as well as unnecessary force . . . all these events Hall was apart [sic] of" (ECF 30 at 2). His response again later says that Officer Hall and various other individuals committed the cruel and unusual punishment and unnecessary force (ECF 30 at 3). He says that "Hall and Bryce"—presumably meaning both Officers Hall and Frye—"committed action as well" in addition to Mr. Rozzi (ECF 30 at 1). These allegations make it unclear whether he is alleging they used excessive force or only failed to intervene.

under Fed. R. Civ. P. 8(a) is permitted, though leave to replead should ordinarily be granted."). In the amended complaint, Mr. Fields should clearly specify for the defendants both whether he is asserting a failure to intervene claim regarding the traffic stop and whether he is asserting a failure to intervene claim or excessive force claim regarding the jail altercation, and state all facts he believes would support such a conclusion. *See also Griffin v. Milwaukee Cty.*, 369 F. Appx. 741, 743 (7th Cir. 2010) (where *pro se* complaint is unintelligible, dismissal with leave to file new complaint is preferred over ordering the filing of a more definite statement). Failure to so amend will result in dismissal of these claims.

    2.    *Conspiracy.*

Mr. Fields says Officers Hall and Frye were coconspirators in depriving him of constitutional rights. For this claim to survive, "[t]here must be allegations that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding. Even were such allegations to be made, they must further be supported by some factual allegations suggesting a 'meeting of the minds.'" *Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000) (quoting *Kunik v. Racine Cty.*, 946 F.2d 1574, 1580 (7th Cir. 1991), *abrogated on other grounds by Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002)). To establish conspiracy liability under § 1983, the plaintiff "must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Mr. Fields' conspiracy claims are mere conjecture.

As to Officer Hall, Mr. Fields only says that "he coconspired [sic] with Rozzi to accomodate an illegal warrant . . . ." (ECF 30 at 2). As to Officer Frye, he only says that Officer Frye "[conspired] with Jason Rozzi and Bryce Hall" (ECF 30 at 2). Mr. Fields fails to allege any specific facts that would show the existence of a conspiracy. He never pleads that there was the existence of an agreement nor a meeting of the minds between the alleged conspirators. While these claims are insufficient, Mr. Fields

is granted leave to amend his conspiracy claims in his amended complaint, but he should specify the factual basis for these claims. Failure to so amend will result in dismissal of these conspiracy claims.

3. *False Testimony.*

Mr. Fields says Mr. Hall violated his constitutional rights by giving "false testimony in state court" (ECF 30 at 2). This statement is insufficient on both legal and factual grounds. A witness giving false or mistaken testimony is not an independent constitutional violation, *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003), so it is legally insufficient. *See also Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). He doesn't specify what testimony was false nor why it is false, so the allegation is factually insufficient. Mr. Fields may use his amended complaint, though, to allege additional facts supporting this claim. Failure to so amend will result in dismissal of this claim.

4. *Defamation.*

Mr. Fields says both Officers Hall and Frye defamed him by saying he "was out looking for little boys" (ECF 30 at 3). The officers argue that he failed to comply with the notice provisions of the Indiana Tort Claims Act.

Under the Indiana Tort Claims Act, a claim against a political subdivision must be filed with the governing body of that political subdivision within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a)(1). This notice requirement applies when only a political subdivision's employees are sued, as here. *Poole v. Clase*, 476 N.E.2d 828, 830-31 (Ind. 1985). Compliance with the notice requirement is a procedural question that need not be pleaded but may be raised as a defense in a responsive pleading. *City of Indianapolis v. Satz*, 377 N.E.2d 623, 625 (Ind. 1978). Once raised, then the plaintiff has the burden of proving compliance. *Id.* Compliance with the notice requirement must be resolved by the court prior to trial. *Madden v. Erie Ins. Grp.*, 634 N.E.2d 791, 793 (Ind. Ct. App. 1994).

The alleged defamation occurred on February 1, 2018, so Mr. Fields was required to file his notice on or before July 31, 2018. *See* Ind. Code § 34-13-3-8. He wasn't required to plead his

compliance, *see Satz*, 377 N.E.2d at 625, but now that defendants have raised it, he has the burden to prove compliance, *see id.* This defense wasn't raised until defendants' reply brief, which was filed in response to additional allegations made in Mr. Fields' response to their motion to dismiss. Mr. Fields has not had an opportunity to respond to this defense.

Accordingly, Mr. Fields is granted leave to plead compliance with the notice in his amended complaint. Failure to do so amend will result in dismissal of this claim.

     5.    *Implied Consent.*

Mr. Fields says Mr. Hall violated his constitutional rights when he read him an implied consent form prior to his blood draw (ECF 1 at 7). This claim is barred by qualified immunity, which "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Its application has a two-part test: the court must decide: (1) whether "the facts that a plaintiff has alleged or shown make out a violation of a constitutional right;" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232.

Officer Hall is protected by both prongs of this test: Mr. Fields never showed that he was deprived of a constitutional right by Mr. Hall's reading of the implied consent, nor does he show that Officer Hall violated a "clearly established" right of Mr. Fields'. The only thing Mr. Fields alleges is that Officer Hall read him his implied consent. Officer Hall is immune to suit on this claim, and Mr. Fields is not granted leave to amend his complaint on this ground.

7

CONCLUSION

The court GRANTS Mayor Martin's motion to dismiss (ECF 25) and Cass County Sheriff Ed Schroder's motion to dismiss (ECF 28). The court GRANTS the motion to dismiss (ECF 25) as to Officers Bryce Hall and Daniel Frye on all claims, but grants Mr. Fields leave to amend his complaint as to those two defendants by doing, if he has the facts to support such allegations, the following: (1) clarifying whether he is suing Officers Hall and Frye for either (or both) use of excessive force or failing to intervene and clarifying which incident(s) this relates to; (2) alleging additional facts that plausibly support the existence of a conspiracy; (3) alleging additional facts regarding the content of the false testimony; (4) pleading his compliance with the Indiana Tort Claims Act notice requirement regarding his defamation claim. The court ORDERS Mr. Fields to file this amended complaint on or before September 24, 2020 and CAUTIONS him that the failure to amend or to respond by this deadline will result in the dismissal of his case against these defendants, as his current allegations are not sufficient to present claims.

SO ORDERED.

August 31, 2020            *s/ Damon R. Leichty*
                           Judge, United States District Court