UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>    Plaintiff,<br><br> v.<br><br>JASON ROZZI *et al.*,<br><br>    Defendants. | CAUSE NO. 3:20-cv-118 DRL-MGG |

OPINION & ORDER

This case arises from a February 2018 traffic stop of Eberaia Fields and his treatment by law enforcement on scene. The court dismissed his initial complaint for failure to state a claim as to Assistant Police Chief Daniel Frye and Officer Bryce Hall with leave to amend.[1] Mr. Fields moved to amend his complaint. Assistant Chief Frye and Officer Hall oppose the amendment in part, arguing some claims are futile. The court grants Mr. Fields' motion to amend in part and orders him to file an amended pleading.

BACKGROUND

The court construes Mr. Fields' *pro se* pleading liberally and takes all well-pleaded allegations as true for purposes of this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In February 2018, Officer Jason Rozzi stopped Mr. Fields and smelled marijuana in his vehicle. Officer Rozzi ordered Mr. Fields out of the vehicle. Mr. Fields complied. Officer Rozzi grabbed Mr. Fields' arm, causing him pain, and searched his pockets. Officer Rozzi then kicked Mr. Fields' feet from under him and both men went to the ground, with Officer Rozzi on top. Officer Bryce Hall approached and kicked Mr. Fields. Officer Hall then tightly handcuffed Mr. Fields, bruising his wrists. Mr. Fields was subsequently

---

[1] The previous order also dismissed Logansport Mayor Chris Martin and Cass County Sheriff Ed Schroder, but they are not relevant here. Officer Jason Rozzi answered the complaint and never moved to dismiss.

transported to the Cass County Jail.

Once there, an officer grabbed Mr. Fields and escorted him to a padded cell. Officer Rozzi was present along with several other unnamed defendants. According to Mr. Fields, the officers forced him to the floor, and one officer kicked him. They then left him alone, only to return later. The officers forcibly removed his clothes and left again. Later, several law enforcement officers returned to the cell, including Officers Rozzi and Hall and Assistant Chief Frye. Assistant Chief Frye provided handcuffs to Officer Rozzi for Mr. Fields; but, before he could be handcuffed, an unnamed sheriff's deputy grabbed Mr. Fields by the neck and tussled with him. Officer Rozzi got onto Mr. Fields' back and pushed his head down while other jail staff kneed him. During the tussle, a sheriff's deputy applied a TASER device on Mr. Fields for two and a half minutes while Officer Rozzi tried handcuffing Mr. Fields. At some point, both Officers Frye and Hall left the cell and watched the tussle.

Mr. Fields alleges two instances of conspiracy. First, he says that at some point while he was at the jail, Officer Rozzi briefed Officer Hall and Assistant Chief Frye about his arrest earlier that evening. Assistant Chief Frye told Officer Rozzi to obtain a warrant; but, instead of obtaining a judicially signed warrant, Officer Rozzi created and signed one himself. Second, Mr. Fields says Officer Rozzi falsely testified at Mr. Fields' probable cause hearing that he read Mr. Fields his "implied consent," which Mr. Fields said wasn't true. Mr. Fields also says Officers Rozzi and Hall and Assistant Chief Frye commented that he was a child molester at the scene of his arrest and at the jail, constituting defamation.

## DISCUSSION

The court granted Mr. Fields leave to amend his complaint on four limited grounds in its prior dismissal order. Nevertheless, Mr. Fields superfluously moved to amend his complaint, blending it

2

with his proposed amended complaint (ECF 39).[2] For clarity, the court treats the filing solely as a motion to amend his complaint. Assistant Chief Frye and Officer Hall responded by opposing the motion to amend in part. Mr. Fields replied in a submission erroneously entitled as a motion.[3] Accordingly, the only pending motion before the court is Mr. Fields' motion to amend the complaint.

The court freely grants leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Justice doesn't require leave when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Amendment is futile when the amended complaint wouldn't survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014). Assistant Chief Frye and Officer Hall say Mr. Fields' amended claims are futile because they wouldn't survive dismissal.

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive dismissal is "a context-specific task that requires the reviewing court

---

[2] This violates the district's local rules. *See* N.D. Ind. L.R. 15-1(a). Nevertheless, this violation isn't grounds to deny the motion. *See* N.D. Ind. L.R. 15-1(c). That said, the court will order Mr. Fields to file an amended complaint on the *pro se* form against all remaining defendants.
[3] The court will direct the clerk to remove the docket's motion label from this entry.

to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

      A.     *The Court Grants Leave to Amend on Mr. Fields' Excessive Force and Failure to Intervene Claims Relating to the Arrest and Jailhouse Tussle.*

Assistant Chief Frye and Officer Hall rightly don't dispute at this stage that Mr. Fields plausibly alleges excessive force (as to Officer Hall) and failure to intervene claims relating to the arrest and jailhouse tussle in his proposed amendment. Mr. Fields says Officer Hall kicked him in the legs while he was pinned to the ground by Officer Rozzi during his arrest, and that Officer Hall handcuffed him so tightly that he caused Mr. Fields pain and bruising on the wrist. Giving Mr. Fields the inferences his pleading is due, this plausibly alleges an excessive force claim. *See Alicea v. Thomas*, 815 F.3d 283, 291-92 (7th Cir. 2016) (kicking while on ground); *Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006) (tight handcuffs). Mr. Fields then says Assistant Chief Frye and Officer Hall were present while other law enforcement officers used excessive force against him in his jail cell, but they didn't intervene. This plausibly alleges a failure to intervene claim. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Accordingly, and without challenge from these officers, the court grants leave to amend as to these claims.

      B.     *The Court Denies Leave on Mr. Fields' Conspiracy and False Testimony Claims.*

Mr. Fields doesn't plausibly allege any conspiracy claims. To pursue this claim, a plaintiff must establish "that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Mr. Fields doesn't do that here. He says Assistant Chief Frye and Officer Hall conspired with Officer Rozzi to have him illegally sign an arrest warrant for Mr. Fields. But Mr. Fields says he only "believes" that Officer Rozzi never "went anywhere to get" a warrant and that he only believed Officer Rozzi signed the warrant himself (ECF 39 ¶ 2). This is mere speculation, not plausible allegation. *See Twombly*, 550 U.S. at 555-56. The pleading says Assistant Chief Frye and Officer

Hall knew about Officer Rozzi's actions, but mere knowledge of an illegal act isn't enough to satisfy the agreement element for conspiracy. *United States v. Zafiro*, 945 F.2d 881, 888 (7th Cir. 1991). Moreover, Mr. Fields later says Officer Rozzi went before a judge who approved the warrant (ECF 39 ¶ 3), so his conspiracy claim to the contrary seems contradictory, not plausible. *See Fid. Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005).

Mr. Fields doesn't allege that either Assistant Chief Frye or Officer Hall testified falsely against him. He says Officer Hall conspired with Officer Rozzi to testify falsely against him at a warrant hearing (ECF 39 ¶ 3). This claim is deficient on multiple grounds. First, perjured testimony is not an independent constitutional violation. *Buie v. McAdory*, 341 F.3d 623, 625 (7th Cir. 2003); *Tayborn v. Scott*, 251 F.3d 1125, 1130 (7th Cir. 2001). Second, the claim isn't plausible because Mr. Fields initially says Officer Rozzi never went before a judge to obtain a warrant, but later says a judge approved his request for a warrant. *See Fid. Nat. Title Ins. Co.*, 412 F.3d at 749. Third, Mr. Fields doesn't plead any facts showing Officer Hall conspired with Officer Rozzi, and merely alleging conspiracy is insufficient. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Fourth, as there is no underlying constitutional violation, Assistant Chief Frye had no duty to intervene. *See Harper*, 400 F.3d at 1064. The court denies leave to amend on these claims.

Any future amendments of these claims would be both factually and legally futile. Accordingly, the court denies any future leave to amend or to pursue these claims.

    C.    *The Court Denies the Amendment of the Defamation Claim Unless Mr. Fields Establishes Compliance with the Indiana Tort Claims Act.*

The court previously ordered Mr. Fields to plead compliance with the Indiana Tort Claims Act in his amended complaint (ECF 36 at 6). *See* Ind. Code § 34-13-3-8(a)(1). Mr. Fields didn't address this in his motion to amend (*see* ECF 39 ¶ 4). He claims in his reply that he tendered a tort claims notice to governmental officials (ECF 55 ¶ 5), but he never submitted the notice to the court or demonstrated that he tendered that notice within 180 days, as required. *See* Ind. Code § 35-13-3-8(a).

5

His pleading is insufficient and noncompliant with the court's order. *See also Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013). He bears the burden of proving compliance with the Indiana Tort Claims Act. The court accordingly orders Mr. Fields to tender his tort claims notice that he previously sent to the defendants and the Mayor of Logansport, with his amended complaint, else the defamation claim will remain dismissed pursuant to this order.

> D. *The Court Dismisses the Unnamed Defendants, With Leave to Amend if Mr. Fields can Identify any of These Persons Through Discovery.*

Mr. Fields lists five unidentified jailers and one unnamed DNR officer in his original complaint. A plaintiff must furnish the court with enough information to identify defendants, and leaving a defendant unnamed isn't enough. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Accordingly, the court dismisses these defendants ("Jailer 1," "Jailer 2," "Jailer 3," "Jailer 4," "Jailer 5," and "DNR Officer"). If Mr. Fields identifies any of these individuals through discovery, he may file a motion to amend his complaint to add them as defendants. The court advises Mr. Fields that if he discovers the identity of the unnamed defendants, he must amend his complaint to name them.

CONCLUSION

The court GRANTS IN PART and DENIES IN PART Mr. Fields' motion to amend his complaint (ECF 39) in accordance with this order. The court grants Mr. Fields leave to proceed with his excessive force and failure to intervene claims against Assistant Chief Frye or Officer Hall relating to the arrest and jailhouse encounters. The court denies Mr. Fields leave to proceed on the conspiracy, false testimony, and defamation claims against Assistant Chief Frye or Officer Hall. No further leave to amend will be granted for either the conspiracy or false testimony claims. The court DISMISSES all unnamed defendants.

The court ORDERS Mr. Fields to file an amended complaint with all his surviving claims against all remaining defendants, including all three officers that now remain, by February 11, 2021, else the court may dismiss all or part of his case. *See* N.D. Ind. L.R. 15-1(b). He need not file another

motion to amend. He must follow this district's local rules and use the online civil complaint form.[4] He must tender his tort claims notice that he previously sent to the defendants and the Mayor of Logansport, which he references in his reply, with this amended complaint, else the defamation claim will remain dismissed. The court ADVISES Mr. Fields that failure to comply with this order may result in dismissal of his case.

The court DIRECTS the clerk to remove the motion label for Mr. Fields' reply (ECF 55).

SO ORDERED.

January 21, 2021  *s/ Damon R. Leichty*
Judge, United States District Court

---

[4] Available at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf.