UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>JASON ROZZI *et al.*,<br><br>Defendants. | CAUSE NO. 3:20-CV-118 DRL |

OPINION AND ORDER

Eberaia Fields, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Fields alleges excessive force, failure to intervene, and defamation by state and local officials that occurred during a traffic-stop-arrest and subsequent booking at the Cass County Jail on February 2, 2018 [ECF 82 at 3, 5]. Unable to identify all eleven individuals alleged to have been involved, Mr. Fields' original complaint included as defendants five unidentified jailers, each listed as Jailer #1, Jailer #2 *etc.*, and one unnamed DNR officer [ECF 1 at 4]. Mr. Fields filed an amended complaint and added as defendants, among others, Breanna Gellinger as Jailer #1, alleging that she used excessive force and failed to intervene during the February 2, 2018 events [ECF 82 at 7]. Ms. Gellinger moves to dismiss the claims against her under Rule 12(b)(6) as untimely.

"Dismissing a complaint as untimely at the pleading stage is an unusual step, [because] a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (citation omitted). However, when a plaintiff pleads himself out of court by alleging facts sufficient to establish a statute

of limitations defense dismissal of the complaint may be appropriate. *Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial)." *Id.*

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Mr. Fields filed his original complaint on February 6, 2020.[1] Mr. Fields filed his amended complaint adding in Ms. Gellinger as Jailer #1 on May 18, 2021, about fifteen months after the statute of limitations expired. Pursuant to Rule 15(c)(1)(C), when adding a new defendant:

> [A]n amended complaint relates back to the date of the filing of the original complaint only when: (1) the amended complaint arises out of the same occurrence set forth in the original complaint; (2) the added defendant has received such notice of the institution of the action within the applicable statute of limitations so that [she] will not be prejudiced in maintaining [her] defense on the merits; and (3) the added defendant knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against [her].

*Burke v. Chi. Sch. Reform Bd. of Trustees*, 149 F. Supp.2d 384, 388-89 (N.D. Ill. 2001) (citing *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980) (emphasis added)).

Naming a defendant as John Doe is a deliberate choice, and not an error or misunderstanding; as such, it cannot count as a "mistake" under Rule 15(c). *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021). There is little meaningful difference between using John Doe or Jailer #1. Mr. Fields' decision to sue "Jailer #1" was a conscious choice, and not an inadvertent error stemming from a mistake regarding the identity of the defendant. *See id.* at 499. Because Mr. Fields' amended complaint cannot relate back to his original complaint under Rule 15(c)(1)(C), it is untimely. *See Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[P]laintiffs cannot, after the statute of limitations period, name as defendants

---

[1] The two-year statute of limitations deadline of February 2, 2020 fell on a weekend, which allowed Mr. Fields to file on the next Monday, February 3, 2020. Mr. Fields' complaint was mailed on February 3, 2020 and docketed by the court on February 6, 2020.

individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15."). Mr. Fields never agues equitable tolling, much less shows it applies today. Thus the amended complaint, with respect to Ms. Gellinger, does not state a claim for which relief can be granted. It is untimely.

When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible. *See* Fed. R. Civ. P. 15(a); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008). However, "courts have broad discretion to deny leave to amend whe[n] . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). An amendment would be futile because Mr. Fields cannot correct the untimeliness of his complaint.

For these reasons, the court GRANTS Ms. Gellinger's motion to dismiss [ECF 176] and DISMISSES Mr. Fields' claims against Ms. Gellinger with prejudice.

SO ORDERED.

November 14, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court